15-2267-cv
*Caines v. City of New York, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
                     *Circuit Judges.*

---

CHARLES CAINES,

        *Plaintiff-Appellant,*               No. 15-2267-cv

        v.

THE CITY OF NEW YORK, DEPUTY INSPECTOR
THOMAS DUTKOWSKY, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY, LIEUTENANT WILSON
ARAMBOLES, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

        *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the caption of the order as set forth above.

**FOR PLAINTIFF-APPELLANT:**    MATTHEW WEINICK, Famighetti &
Weinick, PLLC, Melville, NY.

**FOR DEFENDANTS-APPELLEES:**    MAX MCCANN (Richard Dearing *and*
Zachary W. Carter, *on the brief*),
Corporation Counsel of the City of New
York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 10, 2015 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Charles Caines ("Caines") appeals from a July 10, 2015 judgment of the District Court granting summary judgment to defendants-appellees the City of New York, New York City Police Department ("NYPD") Deputy Inspector Thomas Dutkowsky ("Dutkowsky"), and NYPD Lieutenant Wilson Aramboles ("Aramboles"), and dismissing Caines's complaint.

Caines, a former sergeant with the NYPD and a member of the New York Air National Guard (the "National Guard"), filed a complaint against defendants in January of 2013 alleging that he had been discriminated and retaliated against by the City of New York on account of his service with the National Guard and associated military leave from the NYPD, in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"); the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"); and New York Military Law § 242 ("NYML"). Caines further alleged that the individual defendants, Dutkowsky and Aramboles, aided and abetted the discrimination and retaliation in violation of NYSHRL § 296(6). After the parties conducted discovery, defendants moved for summary judgment in September of 2014, which the District Court granted by order dated July 8, 2015. *See Caines v. City of New York*, No. 13-cv-00676-VEC (S.D.N.Y. July 8, 2015), ECF No. 45. The District Court entered judgment on July 10, 2015. This appeal followed.

On appeal, Caines argues that the District Court erred by granting summary judgment to the defendants principally because the District Court (1) erroneously concluded that certain events did not constitute adverse employment actions under the statutes at issue; (2) failed to recognize that defendants' retaliatory actions would dissuade a reasonable employee from complaining of discriminatory treatment; (3) improperly credited defendants' evidence and drew inferences in their favor; and (4) erroneously required Caines to prove that defendants would not have taken the same action had he not been a member of the military who had taken leave.

2

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In adjudicating a claim brought under USERRA, we apply the burden-shifting framework approved by the Supreme Court in *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 401 (1983), for actions brought under the National Labor Relations Act. *See Gummo v. Vill. of Depew*, 75 F.3d 98, 106 (2d Cir. 1996). "Under that scheme, a claimant carries his burden of proving a prima facie case of discrimination by showing, by a preponderance of the evidence, that his protected status was a substantial or motivating factor in the adverse employment action; but the employer may nonetheless escape liability by showing, as an affirmative defense, that it would have made the same decision without regard to the employee's protected status." *Id.* (brackets and internal quotation marks omitted). The parties do not challenge the District Court's application of this framework to also decide the NYSHRL and NYML claims.

Based on an independent review of the record evidence, we affirm for substantially the same reasons set forth in the District Court's order dated July 8, 2015. *See Caines v. City of New York*, No. 13-cv-00676-VEC (S.D.N.Y. July 8, 2015), ECF No. 45. In sum, the District Court properly concluded that, viewing the evidence in the light most favorable to Caines, and drawing all permissible inferences against defendants, Caines failed to prove a *prima facie* case with respect to any of his three causes of action, and defendants have shown that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law.

Specifically, the District Court properly concluded that Caines cannot establish that he suffered an adverse employment action as a result of the initial denial of leave on April 27, 2009.[1] As the District Court explained, defendants have shown that there is no genuine dispute that Caines did not report to work that day and did not lose any wages or benefits as a result. Moreover, the Command Discipline Caines received after returning from military leave was prepared by Aramboles the day *before* Aramboles knew that Caines had planned to take military leave, and was based only on Aramboles's understanding that Caines had failed to attend mandatory training as ordered, as well as other past disciplinary issues.

The District Court also properly concluded that defendants have shown that there is no genuine dispute of fact that neither Caines's membership in the National Guard nor his associated

---

[1] We note that the District Court appears to have defined "benefit of employment" without reference to certain statutory amendments to that definition set forth in the Veteran's Benefits Act of 2010 and the VOW to Hire Heroes Act of 2011. *See* Veteran's Benefits Act of 2010, Pub. L. No. 111-275, tit. VII, § 701, 124 Stat. 2864, 2887 (codified as amended at 38 U.S.C. § 4303(2)); VOW to Hire Heroes Act of 2011, Pub. L. No. 112-56, tit. II, § 251, 125 Stat. 711, 729 (codified as amended at 38 U.S.C. § 4303(2)). None of the parties raise this distinction on appeal, however, and, in any event, the distinction does not alter our analysis under the circumstances presented here.

3

military leave was a "substantial or motivating factor," *Gummo*, 75 F.3d at 106 (internal quotation marks omitted), in any of the purported adverse employment actions. *See* 38 U.S.C. § 4311(c). Caines fails to point to sufficient facts—rather than mere speculation and conjecture—to support such an inference. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999) (noting that courts "must . . . carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture," explaining that "[a]n inference is not a suspicion or a guess" but rather "is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist" (brackets and internal quotation marks omitted)). Although we have previously recognized that "[t]he burden of proof that must be met to permit an employment-discrimination plaintiff to survive a summary judgment motion at the *prima facie* stage is *de minim[i]s*," *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) (internal quotation marks omitted), based on the record evidence before us, we agree with the District Court that Caines has not satisfied even this minimal burden with respect to any of the three causes of action stated in his complaint.

## CONCLUSION

We have considered all of the plaintiff-appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the July 10, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk